UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LUIS TORRES,                         :
                    Plaintiff,       :    04 Civ. 1127 (LAP)
                                     :
v.                                   :    MEMORANDUM AND ORDER
                                     :
R.N. GENEVEIVE ALERS,                :
R.N. JACQUELINE BODZAK,              :
                                     :
                    Defendants.      :
                                     :
------------------------------------x

LORETTA A. PRESKA, United States District Judge:

Plaintiff Luis Torres ("Plaintiff") brings the present action pro se against Defendant Geneveive Alers ("Defendant"), a registered nurse, alleging that her failure to diagnose and treat properly a fracture in Plaintiff's ankle in February and March of 2001 amounts to an Eighth Amendment violation.[1] Because Plaintiff has not alleged facts sufficient to find deliberate indifference on the part of Defendant, his Complaint is dismissed.[2]

---

[1] As indicated by Docket No. 3, Defendant Jacqueline Bodzak was never served.

[2] In a letter dated June 8, 2005, Plaintiff requested that I stay this action until he provided further notice that he wished the case to proceed. I granted Plaintiff's request in a memo-endorsement dated June 21, 2005.
  Upon further reflection, however, Defendant Alers' motion to dismiss was fully briefed on November 24, 2004, and nothing about Plaintiff's temporary relocation to a Manhattan detention facility (as described in the June 8, 2005 letter) affects the outcome of that motion. Accordingly, I hereby lift the stay imposed on these proceedings for the limited purpose of deciding Defendant Alers' motion to dismiss.

I.  Background

During the events described in the Complaint, Plaintiff was an inmate at the Green Haven Correctional Facility ("Green Haven"). (Compl., ¶ 3.) Defendant is a registered nurse employed by the Department of Correctional Services and assigned to Green Haven. (Id., ¶¶ 4-5.)

Plaintiff alleges that on February 23, 2001, he slipped and fell on ice at Green Haven, twisted his ankle and, as would eventually be determined, fractured his distal fibula. (Id., ¶ 6.) On February 24, 2001, Plaintiff went to "emergency sickcall" and was seen by Jacqueline Bodzak, also a registered nurse working at Green Haven. (Id., ¶ 7.) Ms. Bodzak listened to Plaintiff's description of his ankle, noted "slight swelling," judged that Plaintiff probably suffered from a sprained ankle, and "provided an Ace Bandage; ice; Epson salt; and Tylenol." (Id., Ex. A.) Plaintiff alleges that he requested an x-ray at that time, but was informed by Ms. Bodzak that an x-ray was not necessary, though he should return if the pain persisted. (Id., ¶ 7.)

On March 5, 2001, Plaintiff again went to "emergency sickcall" and was seen by Defendant Alers. (Id., ¶ 8.) The medical records from this visit indicate that Plaintiff informed Alers that the pain, swelling and visible bruising around his

2

ankle had all decreased.  (Id., Ex. B.)  The record of the visit further shows that Defendant Alers palpitated Plaintiff's ankle bone, noting some tenderness, and evaluated Plaintiff's blood circulation before reapplying Plaintiff's Ace bandage and continuing the course of treatment begun by Ms. Bodzak.  (Id.)  Plaintiff did not seek further treatment for his ankle after this visit.

Only on May 11, 2001, was Plaintiff made aware that he suffered a fracture of the distal fibula.  Plaintiff had a routine appointment with his medical provider, Dr. Jerome Fein, on "unrelated matters."  (Id., ¶ 9.)  After hearing of Plaintiff's injury, Dr. Fein ordered x-rays of Plaintiff's ankle.  The x-rays disclosed a "partial healing of oblique fracture distal shaft fibula in satisfactory position with callus deposition."  (Id., Ex. C.)  Plaintiff saw an orthopedist the same day who immobilized the ankle in a temporary plaster cast.  Plaintiff was also given crutches.  (Id., ¶ 9.)  On or about June 12, 2001, Plaintiff's cast was removed, and the orthopedist determined that the bone had healed properly.  (Id., ¶ 9, Ex. C.)

Plaintiff presently alleges that the course of events reviewed above constitutes a violation of his rights under the Eighth Amendment.  Specifically, Plaintiff argues that Defendant subjected him to cruel and unusual punishment in the form of deliberately indifferent medical treatment.  Defendant Alers

3

moves to dismiss Plaintiff's Complaint on four independent grounds: (1) Eleventh Amendment immunity; (2) Plaintiff was not the victim of deliberate medical indifference; (3) qualified immunity; and (4) failure to exhaust administrative remedies. Because Plaintiff was quite clearly not the victim of deliberate medical indifference, Defendant Alers' motion to dismiss is granted.[3]

II. Discussion

In order to establish an Eighth Amendment violation due to inadequate medical care, Plaintiff must allege facts that demonstrate that Defendant Alers personally exhibited "deliberate

---

[3] Because Defendant Alers' deliberate indifference argument alone is sufficient to dismiss Plaintiff's Complaint, I do not address her other arguments at length. However, I note that the qualified immunity and exhaustion arguments would also likely be successful. Defendant was at all times acting in her official capacity, and there is nothing in the Complaint to show that she should have known that she was committing a constitutional violation -- both because the course of treatment was reasonable and because Plaintiff has not alleged facts that constitute an Eighth Amendment violation. Mozzochi v. Borden, 959 F.2d 1174, 1179 (2d Cir. 1992).

Further, Plaintiff was required to make a final appeal to the Department of Corrections Central Office Review Committee ("CORC") in Albany before instituting this action. While Plaintiff did appeal his initially rejected grievance to CORC, he only did so after a seven-month delay, and the appeal was thus rejected as untimely (even after CORC accepted as true Plaintiff's allegation that a Green Haven supervisor lost his papers). "Courts in this jurisdiction have regularly held that failure to timely file an appeal during the administrative grievance process, followed by a subsequent denial of access by CORC due to untimeliness, will not constitute exhaustion." Petit v. Bender, No. 99 Civ. 0969, 2003 U.S. Dist. LEXIS 20925, at *14-15 (S.D.N.Y. Nov. 19, 2003)(collecting cases).

indifference" to a "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104 (1994).  Plaintiff's Complaint alleges no such facts.[4]

A deliberate indifference claim has both an objective and subjective element.  "Objectively, the alleged deprivation [of medical care] must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998).  In determining whether a plaintiff has alleged a medical condition that is objectively sufficiently serious, it is "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes."  Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).

To satisfy the subjective element, Plaintiff must allege facts that demonstrate that Defendant Alers acted with deliberate indifference to an objectively serious need.  "Deliberate indifference is a state of mind that is the equivalent of criminal recklessness.  A showing of medical malpractice is

---

[4] In evaluating Plaintiff's deliberate indifference claim, I may consider the medical records attached to the Complaint. Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985)("a Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit.").

5

therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklnessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). Thus, "simple negligence, or an inadvertent failure to provide adequate medical care, even if it amounts to medical malpractice, is insufficient to establish deliberate indifference, or any other constitutional deprivation." Pabon v. Goord, No. 99 Civ. 5869, 2003 U.S. Dist. LEXIS 5359, at *10 (S.D.N.Y. March 28, 2003).

On the objective element, even assuming for argument's sake that Plaintiff's fracture of the distal shaft fibula is a legally serious medical condition, "when a prisoner asserts that delay in his treatment constitutes deliberate indifference on the part of a healthcare provider, the Court looks to the severity of the consequences brought about by the alleged delay." Pabon, 2003 U.S. Dist. LEXIS 5359 at *35 (citing Smith). The Complaint essentially reduces to a single accusation against Defendant: she failed to order an x-ray of Plaintiff's fractured ankle. Nevertheless, as Plaintiff's own medical records clearly show, the ankle healed properly and completely. (Compl., Ex. C.) Thus, the supposed two-month delay between Plaintiff's visit to Defendant and Dr. Fein, who eventually ordered Plaintiff's ankle x-rayed, caused no injury. Finally, any allegation that

Plaintiff was in unbearable pain as a result of the delay is belied by the medical records. During Plaintiff's visit with Defendant, he described his pain as decreasing. (Id., Ex. B.) Plaintiff then sought no further treatment for his ankle for two months, and the fracture was only discovered during a routine checkup, not an appointment specifically scheduled to address the ankle injury. (Id., ¶ 9.)

Plaintiff also does not demonstrate the subjective element of a deliberate medical indifference claim. According to Plaintiff's medical records, Defendant Alers examined Plaintiff's ankle and recommended a course of treatment involving Ace bandages, ice, Epsom salt and Tylenol. (Id., Ex. A, B.) Defendant did not recommend that Plaintiff be x-rayed. (Id.) However, there is nothing in the Complaint to suggest that Defendant even remotely possessed the requisite level of culpability -- the equivalent of criminal recklessness. Hernandez, 341 F.3d at 144. At most, Defendant might be accused of negligence in failing to order an x-ray of Plaintiff's ankle, but as previously stated, simple negligence, even if it amounts to medical malpractice, does not establish deliberate indifference. Pabon, 2003 U.S. Dist. LEXIS 5359, at *10. Finally, in light of Plaintiff's statement to Defendant that his ankle pain was improving, there can hardly be any finding that a failure to order an x-ray under such circumstances amounts to

7

recklessness.[5] (Compl., Ex. B.)

For these reasons, I find that Plaintiff has not alleged facts sufficient to support a claim of deliberate indifference against Defendant, and he has therefore not suffered any Eighth Amendment violation.

III. Conclusion

Accordingly, Defendant's motion for summary judgment (Docket No. 8) is granted. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED

September 26, 2005

*Loretta A. Preska*
Loretta A. Preska, U.S.D.J.

---

[5] Plaintiff's assertion that he was actually in "unbearable excruciating pain," (Pl's. Br., 2.), is contradicted by the medical records attached to the Complaint, (Compl., Ex. A, B.), and "a party is not entitled to amend its complaint through statements made in motion papers." Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998).